IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Carlotta Redish, ) | |
| ) | Civil Action No. 7:13-59-TMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Cherokee County School District and ) | |
| Superintendent Quincie L. Moore, in ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the plaintiff's motion to amend (doc. 6). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g) DSC, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## FACTS PRESENTED

The plaintiff is an African American female who is currently employed by the defendant Cherokee County School District ("the District") as an Associate Superintendent for Accountability and Planning. The plaintiff filed this employment discrimination and breach of contract case on January 4, 2013, naming the District as the only defendant. The plaintiff moved to amend the complaint on February 11, 2013, and the plaintiff thereafter filed her amended complaint, prior to receiving a ruling on the motion to amend, on February 22, 2013. In the amended complaint, the plaintiff named the District and "Quincie L. Moore, Superintendent, in her official capacity" as defendants. The District filed an answer to the original complaint on February 26, 2013. The District then filed a response in opposition to the motion to amend or, in the alternative, a motion to dismiss the claims against Superintendent Moore in the amended complaint, on February 28, 2013 (docs. 13, 23). The District filed an answer to the amended complaint on March 8, 2013. The plaintiff

filed a response to the District's motion to dismiss on March 8, 2013 (doc. 16), and the District filed a reply in support of the motion to dismiss on March 18, 2013 (doc. 21). Superintendent Moore has not been served with a summons and amended complaint and has not appeared in the case.

The amended complaint is different from the original complaint in only one respect: it adds "Quincie L. Moore, Superintendent, in her official capacity" as a defendant. The amended complaint does not assert any new substantive factual allegations. The causes of action in both the original and amended complaints are exactly the same, as follows:

> Count I:  Title VII: Race Discrimination
> Count II:  Retaliation
> Count III:  Racially Hostile Work Environment
> Count IV:  Breach of Contract
> Count V:  Breach of Contract with Fraudulent Intent

In her motion to amend, the plaintiff states that she "noted the necessity to add Quincie L. Moore, Superintendent of Cherokee County School District, as a named defendant in her official capacity." The District argues the motion to amend should be denied or, in the alternative, its motion to dismiss should be granted because it is the only proper defendant as the District is the plaintiff's employer and was the party that entered a contractual relationship with the plaintiff, and because Superintendent Moore is not a proper party to any of the plaintiff's causes of action.

## APPLICABLE LAW

The decision of whether to grant a motion to amend is left to the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (ruling the "grant or denial of an opportunity to amend is within the discretion of the District Court"). Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." However, "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Associates*, 602 F.3d 597,

602-603 (4th Cir. 2010). If an amendment would fail to withstand a motion to dismiss, it is futile." *Woods v. Boeing Co.*, 841 F. Supp. 925, 930 (D.S.C. 2012) (citation omitted). Therefore, when the new well-pleaded facts asserted in the new proposed complaint fail to show that the plaintiff is entitled to relief, the court should deny the motion for leave to amend. *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' " *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## **ANALYSIS**

As an initial matter, the parties disagree as to whether the plaintiff was entitled to file her amended complaint as a matter of course. As set forth above, the plaintiff filed a motion to amend, but she filed her amended complaint before she received a ruling on the motion (*see* docs. 6, 8). Federal Rule of Civil Procedure 15 provides that a plaintiff may amend pleadings once a matter of course, meaning without the opposing party's consent or the court's leave, before trial under the following circumstances:

> (a) Amendments Before Trial.
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

3

> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. Rule 15(a)(1). The plaintiff filed her amended complaint on February 22, 2013, which was 39 days after she served her original complaint but before the District filed its answer to the original complaint.[1]  Thus, the filing does not technically come within the two scenarios for filing an amended complaint as a matter of course as it was filed more than 21 days after service of the original complaint and it was filed *before*[2] the answer to the original complaint.  However, the amended complaint does appear to come within the spirit of Rule 15(a)(1)(A) as it was filed prior to the District's extended deadline for filing its answer to the original complaint.  The undersigned will give the plaintiff the benefit of the doubt and find for purposes of this motion that the amended complaint was properly filed as a matter of course and will decide the issue in the context of a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).[3]

---

[1] Pursuant to Federal Rule of Civil Procedure 12(a), the District had 21 days after being served with the summons and complaint to serve its answer.  However, the plaintiff extended the District's deadline to respond until February 26, 2013 (*see* doc. 13 at p. 1; doc. 16 at p. 1).

[2] The Advisory Committee Notes with regard to the 2009 amendments to Rule 15 state in pertinent part:

> [T]he right to amend once as a matter of course is no longer terminated by service of a responsive pleading.  The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise.  Just as amendment was permitted by former Rule 15(a) in response to a motion, so the amended rule permits one amendment as a matter of course *in response to a responsive pleading*.

Fed. R. Civ. P. 15 advisory committee's note (emphasis added).

[3] The District "does not oppose the Plaintiff's Motion to Amend or its Amended Complaint based on its timeliness or whether the Plaintiff complied with the technical requirements of Rule 15(a) to amend as of right. The School District raises only its substantive defense that it would be a futile act for the Plaintiff to amend her Complaint to assert any claims against Superintendent Moore in her official capacity because she is not a proper party as to any of the Plaintiff's claims"

The plaintiff alleges three employment discrimination claims in her amended complaint. In Count I, she alleges that she was discriminated against based upon her race when she was not allowed to compete as a finalist for the Superintendent position. In Count II of her amended complaint, the plaintiff alleges that she was retaliated against after she filed her initial EEOC charge when her title was changed from Associate Superintendent for Administrative Services and Instruction to Associate Superintendent for Accountability and Planning. In Count III, she alleges she was subjected to a racially hostile work environment.

The enforcement provisions of Title VII permit actions against only an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 2000e-5(b). An "employer" is defined, in pertinent part, as a "person engaged in an industry affecting commerce who has fifteen or more employees . . . ." 42 U.S.C. § 2000e(b). The Fourth Circuit has "expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'" *Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (citing *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180-81) (4th Cir. 1998) (holding that supervisors cannot be held liable in their individual capacities under Title VII because they do not fit within the definition of an employer)). *See Smith v. City of Marion*, No. 4-11-cv-2039-TLW-TER, 2012 WL 694314, at *3 (D.S.C. Jan. 27, 2012) (dismissing Title VII and ADA claims against individual), *adopted by* 2012 WL 694275 (D.S.C. March 2, 2012).

In her response in opposition to the District's motion to dismiss, the plaintiff argues that she has named Superintendent Moore as a defendant only for purposes of injunctive relief (not for monetary relief) and only in her official capacity as to the claims brought pursuant to Title VII (doc. 16 at pp. 3-4). The plaintiff states that she is "seeking injunctive relief against Quincie Moore and the Cherokee County School District from any

---

(doc. 21 at pp. 3-4).

5

prospective discrimination or retaliation which she could possibly receive from them in the future as a result of having exercised her Title VII rights" (doc. 16 at p. 4).

The District first argues that the plaintiff may not bring a Title VII claim against Superintendent Moore in any capacity. However, the United States Court of Appeals for the Fourth Circuit has assumed, without deciding, that Title VII claims may be brought against individuals in their official capacities. *Causey v. Balog*, 162 F.3d 795, 801 n. 1 (4th Cir.1998).

The District further argues that adding Superintendent Moore as a defendant in her official capacity is futile because the plaintiff has already sought the same relief against the District. This court agrees. "Suing a governmental employee in his 'official' capacity is simply another way of pleading an action against the governmental entity." *Davis v. Durham Mental Health Developmental Disabilities Substance Abuse Area Auth.*, 320 F. Supp.2d 378, 399 (M.D.N.C. 2004). In a recent Title VII case in this circuit in which the plaintiff employee sued the Washington Metropolitan Area Transit Authority ("WMATA") as well as a district manager with the WMATA, the district court stated:

> The Fourth Circuit has held that suing a public employee in his official capacity is the practical equivalent of suing the governmental entity itself. *Love–Lane v. Martin*, 355 F.3d 766, 783 (4th Cir.2004). Because Harrison–Kathana is also pursuing relief against WMATA under Title VII and the ADA, any claims against Cannon in his official capacity would be subject to dismissal as redundant. *See Bradley v. Baltimore Police Dep't*, Civ. No. JKB–11–1799, 2012 WL 4321738, at *2 (D.Md. Sept.19, 2012) (dismissing claims against individual defendants because "it would be pointless to [sue them in their official capacities] since a suit brought in that manner would still be, in effect, a suit against the Baltimore Police Department, which is already a defendant ...").

*Harrison-Khatana v. Cannon*, No. DKC 11-3715, 2012 WL 5383314, at *2 (D.Md. Oct. 31, 2012). *See Johnson v. North Carolina*, No. 5:11-cv-57, 2012 WL 5024039, at *5-6 (W.D.N.C. Oct. 17, 2012) (dismissing Title VII claims against supervisor in his official capacity as redundant of claims against employer). In *Henderson v. Gilbert*, No. JFM-06-1284, 2006 WL 1966797, at *2 n.1 (D. Md. July 10, 2006), the plaintiff asserted Title VII

6

claims against the Board of Education and certain individual defendants. The district court noted that the individual defendants "could be sued under Title VII in their official capacities. However, this would be treated as a suit against the County and would be redundant, since the Board will remain a defendant under [the Title VII count]." *Id.* *See Malone v. Shenandoah County Dept. of Social Services*, No. 5:04cv00114, 2005 WL 1902857, at *2 (W.D.Va. Aug. 9, 2005) (dismissing official capacity Title VII retaliation claim against director of Department of Social Services ("DSS") as redundant since the claim was also asserted against DSS). Furthermore, should injunctive relief be granted against the District, the District's officers, agents, and employees would be bound by any order granting such relief, a concept embedded in the federal rule governing injunctions and their effect. *See* Fed.R.Civ.P. 65(d)(2). Accordingly, this court finds that the plaintiff's Title VII claims against Superintendent Moore in her official capacity are redundant and should be dismissed.

The plaintiff also asserts violations of the South Carolina Human Affairs Law ("SCHAL"). *See* S.C. Code Ann. § 1-13-10, *et seq*. SCHAL "essentially follows the substantive structure of Title VII." *Orr v. Clyburn*, 290 S.E.2d 804, 806 (S.C. 1982). Moreover, SCHAL specifically provides that "[n]othing in this chapter shall be construed to create a cause of action against a person not covered by Title VII. . . ." S.C. Code Ann. § 1-13-100. *See Smith v. City of Marion*, 2012 WL 694314, at *3-4 (ruling that individual defendants are not liable under the SCHAL). As discussed above with regard to the plaintiff's Title VII claims, any claims under SCHAL against Superintendent Moore in her official capacity would be redundant of the claims against the District and should be dismissed.

In her response to the motion to dismiss, the plaintiff makes no argument that Superintendent Moore is being sued or could be sued under the plaintiff's causes of action for breach of contract and breach of contract with fraudulent intent (*see generally* doc. 16). Further, it is undisputed that the District is the plaintiff's employer and is the only party that could contract with the plaintiff to serve as Associate Superintendent or in any other position within the District. Accordingly, the motion to dismiss should be granted as to the plaintiff's

claims against Superintendent Moore for breach of contract and breach of contract with fraudulent intent.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the District's motion to dismiss the claims against Superintendent Moore in the amended complaint be granted (doc. 23). This court further recommends that the plaintiff's motion to amend (doc. 6) be dismissed as moot.


April 8, 2013                              s/ Kevin F. McDonald
Greenville, South Carolina                 United States Magistrate Judge